

FILED
JUN - 2 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| MARIA SAVALA<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910[1]<br><br>*On Behalf of Herself and*<br>*Others Similarly Situated*<br><br>PLAINTIFF,<br><br>v.<br><br>PERFECT L G CLEANING CORP<br>11501 Tidewater Trail<br>Fredericksburg, Virginia 22408<br><br>SERVE: Luis Grados<br>11501 Tidewater Trail<br>Fredericksburg, Virginia 22408<br><br>And<br><br>LUIS GRADOS<br>11501 Tidewater Trail<br>Fredericksburg, Virginia 22408<br><br>DEFENDANTS | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Case No: 3:16cv328<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Maria Savala ("Plaintiff"), by and through undersigned counsel, hereby submits her Collective Action Complaint against Defendants Perfect L G Cleaning Corp. ("PLGCC") and Luis Grados ("Grados") (together, "Defendants") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

---

[1] To avoid retaliation, Plaintiff has used the address of her counsel.

## **PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of the Commonwealth of Virginia and by acting as the named plaintiff in this action does hereby affirm her consent to participate as a plaintiff in an action under the FLSA.

2. PLGCC is a corporation formed under the laws of the Commonwealth of Virginia with its principal office located in Fredericksburg, Virginia.

3. At all times relevant to this action, Grados was the primary owner and officer of PLGCC. In this capacity, Grados individually operated PLGCC, supervised and managed Plaintiff, and set and determined Plaintiff's schedule and her rate and method of pay.

4. At all times relevant, Defendants used and handled goods that passed in interstate commerce and operated in the Commonwealth of Virginia and in surrounding states.

5. At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

6. At all times, Plaintiff and other employees of Defendants handled goods and products that passed in interstate commerce and performed work duties in the Commonwealth of Virginia and in surrounding states.

7. At all times, Defendants qualified as an enterprise within the meaning of the FLSA.

8. At all times, both Defendants were Plaintiff's employers under the FLSA.

9. This Court has subject matter jurisdiction over this matter as the claim Plaintiff brings against Defendants is a Federal Question under the FLSA.

10. In consideration of the foregoing, personal jurisdiction and venue is proper in this Court.

## FACTS

11. Plaintiff was employed by Defendants to perform cleaning and related job duties on construction projects for the time period of about April 2015 through about May 4, 2016 (about 56 weeks).

12. While employed, Plaintiff's exact hours varied slightly from week to week.

13. On average, across her entire period of employment, Plaintiff typically and customarily worked at or about fifty (50) hours per week.

14. At all times, Defendants had actual knowledge of all hours Plaintiff worked each week including overtime hours worked each week in excess of forty (40).

14. For all hours that Plaintiff worked each week, including hours worked per week in excess of forty (40), Defendants paid Plaintiff as an hourly employee at her regular hourly rate of pay in the most recent amount of approximately $12.00 per hour.

15. At no time did Defendants ever pay Plaintiff for overtime hours worked per week in excess of forty (40) at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay.

16. At all times relevant to this action, Defendants had actual knowledge of the FLSA overtime pay requirement through a Department of Labor poster that hangs at Defendants' offices stating the FLSA overtime requirement.

17. At all times relevant to this action, Defendants had actual knowledge that Defendants failure to pay time-and-one-half for overtime hours worked each week was in direct violation of Federal law.

18. For the time period of at least 2014 through the present, Defendants have paid all employees performing cleaning and related job duties on construction projects as hourly employees.

19. For the time period of at least 2014 through the present, Defendants' employees who performed cleaning and related job duties on construction projects regularly and customarily worked more than forty (40) hours per week.

20. For the time period of at least 2014 through the present, Defendants paid individuals performing cleaning and related job duties on construction projects at their regular hourly rates for all hours worked each week including overtime hours worked each week in excess of forty (40).

21. At no time during the time period of at least 2014 through the present have Defendants paid individuals performing cleaning and related job duties on construction projects at the rate of one-and-one-half (1½) times their regular rate of pay for overtime hours worked per week in excess of forty (40).

22. On information and belief, for the time period of at least 2014 through the present, Defendants have failed to pay time-and-one-half required FLSA overtime wages to more than twenty-five (25) individuals employed by Defendants performing cleaning and related job duties on construction projects.

23. The FLSA overtime claims herein brought by Plaintiff are substantially similar to the FLSA overtime claims of other similarly situated individuals employed by Defendants during the time period 2014 through the present who, during that time period, (1) performed cleaning and related job duties on construction projects, (2) worked more than forty (40) hours per week; (3) were paid by Defendants as hourly employees; and (4) were not paid by Defendants at the

4

FLSA required time-and-one-half overtime rate for overtime hours worked per week in excess of forty (40).

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act)

24. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

25. Pursuant to the FLSA, Defendants were obligated to compensate Plaintiff and other similarly situated individuals at the overtime rate of one-and-one-half (1½) times their regular rate of pay for all overtime hours worked per week in excess of forty (40).

26. As set forth above, Defendants failed to pay Plaintiff and other similarly situated individuals at an hourly rate that complies with the FLSA overtime pay requirement for each and every overtime hour Plaintiff and other similarly situated individuals worked per week in excess of forty (40).

27. Defendants' failure to pay Plaintiff and other similarly situated individuals for overtime worked each week as required by the FLSA was knowing, willful, and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and all other similarly situated individuals that opt-in to this action for all unpaid required FLSA overtime wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*

6